In re Karen I. TROVATO
and Leendert Dorst.

No. 93–1050, 93–1565.

United States Court of Appeals,
Federal Circuit.

July 25, 1995.

Anne E. Barschall, Jack E. Haken and Algy Tamoshunas, Philips Electronics North America Corp., Tarrytown, NY, for appellants filed a Petition for Rehearing with a Suggestion for Rehearing In Banc.

Nancy J. Linck, Sol., Albin F. Drost, Deputy Sol. and Joseph G. Piccolo, Associate Sol., Office of the Sol., Washington, DC, filed an answer for appellee to appellant's Petition for Rehearing and Suggestion for Rehearing In Banc.

Before ARCHER, Chief Judge, RICH, NIES, NEWMAN, MAYER, MICHEL, PLAGER, LOURIE, CLEVENGER, RADER, SCHALL, and BRYSON, Circuit Judges.

Order for the court filed by Chief Judge ARCHER; Circuit Judges NEWMAN and MAYER concur in result; Circuit Judge NIES filed a dissenting opinion, in which Circuit Judge MICHEL joins.

## ORDER

PER CURIAM:

Karen I. Trovato and Leendert Dorst (collectively Trovato) seek rehearing in banc of their appeals from decisions of the Patent and Trademark Office Board of Patent Appeals and Interferences (Board). *In re Trovato*, No. 92–1843, 1992 Pat.App. LEXIS 40 (Bd. Pat. Apps. & Interferences July 22, 1992); *In re Trovato*, No. 92–4106 (Bd. Pat. Apps. & Interferences May 26, 1993). Trovato challenges the Board's affirmance of the rejection of Trovato's patent claims for lack of statutory subject matter under 35 U.S.C. § 101 (1988). Since the challenged Board decisions, this court has decided *In re Alappat*, 33 F.3d 1526, 31 USPQ2d 1545 (Fed.Cir. 1994) (in banc), providing further guidance on section 101. *Alappat* held that "a computer operating pursuant to software *may* represent patentable subject matter, provided, of course, that the claimed subject matter meets all of the other requirements of Title 35." 33 F.3d at 1545 (emphasis in original); *see also In re Lowry*, 32 F.3d 1579, 32 USPQ2d 1031 (Fed.Cir.1994). The Patent and Trademark Office has also recently proposed new guidelines for the examination of applications like Trovato's. *See Request for Comments on Proposed Examination Guidelines for Computer–Implemented Inventions*, 60 Fed.Reg. 28,778 (Dep't Comm. Pat. & Trademark Off. June 2, 1995). Consistent with *Alappat*, the proposed guidelines direct patent examiners to apply all of the requirements of Title 35 when examining applications claiming computer software instead of rejecting such applications under section 101. *See Request for Comments*, 60 Fed.Reg. at 28,778–28,780.

On consideration of the combined petition for rehearing and suggestion for rehearing in banc,

IT IS ORDERED that the combined petition for rehearing and suggestion for rehearing in banc is accepted; that the judgment of this court entered on December 19, 1994 is vacated; and that the opinion accompanying the judgment, *In re Trovato*, 42 F.3d 1376, 33 USPQ2d 1194 (Fed.Cir.1994), is withdrawn.

IT IS FURTHER ORDERED that the decisions of the Board of Patent Appeals and Interferences are vacated, sua sponte, and the case is remanded for reconsideration in light of *Alappat* and any new guidelines adopted by the Patent and Trademark Office for examination of computer-implemented inventions.

July 25, 1995

For the Court:

/s/ Glenn L. Archer, Jr.
Glenn L. Archer, Jr.
Chief Judge

NIES, Circuit Judge, dissenting, with whom MICHEL, Circuit Judge, joins.

The majority's action is unconventional. Acting on a combined petition for rehearing and suggestion for rehearing *in banc*, the majority vacates the Board decisions and the December 19, 1994, panel decision affirming the underlying Board decisions, and remands to the Board. Yet, neither Trovato nor the PTO ask for a remand. No reasons are stated for the vacaturs. I must respectfully dissent from this Order.

What message does the court's vacatur of the panel opinion send to the Board? That the claims are statutory? Certainly not. The result of this Order is simply that Trovato's application will stand before the Board for review of the Examiner's § 101 rejections. Furthermore, what message does the court's vacatur of the Board decision send to the Board? Was its analysis of precedent wrong, or is our prior precedent jettisoned along with the panel's opinion in this case?

There has been no official change in the Patent Office's procedure for determining statutory subject matter. The Order states that the Board is to reconsider the case in light of "any new guidelines adopted by the Patent and Trademark Office for examination of computer-implemented inventions." Although guidelines have been proposed, the process has barely begun. Adoption of the guidelines is not on the immediate horizon. Is the majority ordering a stay of Trovato's application indefinitely until the new guidelines are issued, or can the Board proceed without them? What if the PTO decides to revise or not to adopt the guidelines?

Even if new guidelines are adopted, they must yield to precedent from this court and the Supreme Court, i.e. the *law* on § 101. Neither this court nor the Supreme Court has addressed § 101 since the panel opinion was issued. The law has not changed. Remarkably, the majority states that the proposed guidelines are "consistent with *Alappat*". Should statements regarding the propriety of any Agency guidelines, let alone proposed guidelines, be made without the assistance of briefing and/or oral argument or analysis? The proposed guidelines do more than just "direct examiners to apply all of the requirements of Title 35." For example, under the section titled "Procedures To Be Followed When Evaluating Computer-Implemented Inventions," there are a number of "presumptions" about what does and does not constitute a statutory "process," "machine" and "article of manufacture." Where did these presumptions come from? It appears that the majority provides an advisory opinion endorsing the proposed guidelines.

The Order also states that "the case is remanded for reconsideration in light of *Alappat.*" The Order does not state that the panel opinion was contrary to any of this court's precedent, including *Alappat*, 33 F.3d 1526, 31 USPQ2d 1545 (1994), discussed at length therein. It is true that the *language* of Trovato's claims and Alappat's claims is alike, and that Alappat's claims were held to meet § 101 while Trovato's were not. The similar words in these claims does not end the § 101 analysis. Both Trovato and Alappat opted to use "means for" language. According to § 112, ¶ 6, we must look to the specification to flesh out the claims. Under *Alappat*, the command of § 112 ¶ 6 applies to determinations under § 101. Alappat's specification, unlike Trovato's, disclosed specific structure for the particular "means" claimed. Trovato disclosed no structure but merely a mathematical formula. Thus, *Alappat* does not address the particular question here of whether Trovato's claims constitute statutory subject matter.

If the majority believes the panel opinion is in some way contrary to *Alappat*, or that the precedent relied upon in the panel opinion should be overturned, the court should so state with explanation for the benefit of others. This Order does a disservice to the Board, the Bar, and this court. I dissent.